# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SHAWN CRAIG LEE,

   Plaintiff,

v.                                                               Civil Case No. JKB-17-912

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

   Defendants.

## REPORT AND RECOMMENDATIONS

Plaintiff Shawn Craig Lee filed an action *pro se* under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the denial of his Social Security disability claim by the Social Security Administration ("SSA"). The SSA has filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Federal Rule of Civil Procedure 12(b)(1), on the grounds that Mr. Lee failed to exhaust his administrative remedies prior to filing his complaint. [ECF No. 9]. Pursuant to Standing Order 2014-01, this motion is referred to me for a Report and Recommendations. [ECF No. 3]. A Rule 56 letter was sent to Mr. Lee on June 15, 2017, explaining the potential consequences of failing to respond to the motion to dismiss, but no response was filed. [ECF No. 10]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the SSA's motion to dismiss be granted.

**I.    Facts**

In October, 2013, Mr. Lee filed for Supplemental Security Income disability benefits with the SSA. [ECF No. 9-2, at 2]. His claim was denied initially on January 31, 2014, and on

reconsideration on April 16, 2014. *Id.* at 2-3. Mr. Lee then filed a request for a hearing on April 23, 2014, which was dismissed by an Administrative Law Judge ("ALJ") on June 22, 2015 after Mr. Lee failed to appear at a scheduled hearing. *Id.* at 3, [ECF No. 9-2, Ex. 6]. After Mr. Lee again requested review, the Appeals Council remanded the case to the ALJ for a hearing. [ECF No. 9-2, at 3]. This time, the hearing took place, and on March 9, 2017, the ALJ issued an unfavorable decision denying benefits. *Id.*; [ECF No. 9-2, Ex. 9]. Mr. Lee did not file a request for review of the unfavorable decision with the Appeals Council. [ECF No. 9-2, at 3]. Instead, on April 5, 2017, Mr. Lee filed the instant action in this Court. [ECF No. 1].

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647.

## III. Discussion

The SSA argues that this Court does not have jurisdiction over Mr. Lee's claim because he failed to exhaust his administrative remedies and is not appealing from a final order. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after he has exhausted all administrative remedies. 42 U.S.C.

§§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). This Court must determine whether the ALJ's unfavorable ruling constitutes a "final decision" that may be reviewed in federal court, even though Mr. Lee did not first seek Appeals Council review.

Social Security regulations define "final decision" as a decision made after completion of a four-step administrative process. Specifically, the regulations require: (1) an initial determination; (2) reconsideration; (3) a hearing before an ALJ; and (4) review by the Appeals Council. 20 C.F.R. § 416.1400(a). In fact, the notice sent to Mr. Lee along with the ALJ's unfavorable decision stated:

> If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.

[ECF No. 9-2, Ex. 9].

The Fourth Circuit has not considered any cases in the exact procedural posture of this case, where all of the other procedural steps were exhausted but the claimant did not seek Appeals Council review. However, the Fourth Circuit has determined that a claimant's administrative remedies were not exhausted where she belatedly filed a request for review by the Appeals Council, and the Appeals Council therefore declined to review her claim. *See Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir. 1986) ("We therefore affirm the district court's conclusion that no final decision by the Secretary has been presented by the facts herein and thus no

jurisdiction for judicial review of the merits of Adams' disability claim exists."). If no final decision is presented where the Appeals Council is asked belatedly to review a case, then it follows logically that no final decision is presented where, as here, the Appeals Council is never asked to perform review. Most other federal courts that considered this precise issue have reached the same conclusion, and have determined that a claimant has not exhausted his administrative remedies if he has failed to seek review by the Appeals Council. *See, e.g., Puente v. Callahan*, No. 97-1056, slip op. at 2 (10th Cir. July 18, 1997) ("Examining plaintiff's SSI claim under § 405(g), we agree that plaintiff failed to exhaust the claim because she did not seek review before the Appeals Council."); *Goff v. Sullivan*, No. CV-90-955-MFM, slip op. at 2 (9th Cir. Sept. 2, 1992) ("Because Goff did not appeal the ALJ's adverse decision to the Appeals Council, he failed to exhaust his administrative remedies in a timely manner and could not seek judicial review in district court."); *Alexander v. Sullivan*, Civ. A. No. 92-1950, 1992 WL 315105, at *1 (E.D. La. Oct. 16, 1992) ("In situations where a claim has proceeded to a hearing before an administrative law judge and has been denied on the merits, the Secretary's 'final decision' comes only after the claimant has sought review by the Appeals Council."); *Hylton v. Bowen*, No. 87-0091-CV-W-8, 1987 WL 123574, at *3 (W.D. Mo. July 31, 1987) ("Thus, there cannot be a 'final decision' of the Secretary when petitioner has failed to file a timely request for Appeals Council review as Hylton has failed to do."); *Goodreau v. Bowen*, 647 F. Supp. 1409 (W.D. Pa. 1986) ("Review by the Appeals Council is necessary to obtain a 'final decision' which is subject to review."). In light of the Fourth Circuit's analysis in *Adams* and the general consensus among other federal courts, the law as determined by Congress and the Commissioner requires Appeals Council review before a "final decision" can be obtained. Since Mr. Lee

sought no such review, he did not exhaust his administrative remedies and this Court lacks jurisdiction over his appeal.

For the foregoing reasons, I recommend that the Commissioner's motion to dismiss, [ECF No. 9], be granted. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 13, 2017                                      /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge